FILED ____ ENTERED
LODGED ____ RECEIVED

JAN 30 2009  LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JOE EDDIE,

               Plaintiff,

vs.

MILGARD MANUFACTURING INCORPORATED,

               Defendants.

NO. C 09-5052 FPB

COMPLAINT FOR DAMAGES FOR EMPLOYMENT CIVIL RIGHTS VIOLATIONS AND HARASSMENT WITH JURY DEMAND

COMES NOW, the Plaintiff, by and through the undersigned attorney, and alleges the following facts and causes of action:

## I. PARTIES

1.1 Plaintiff, JOE EDDIE, is an individual and a resident of King County, Washington.

1.2 Defendant, MILGARD MANUFACTURING INCORPORATED, is a duly constituted private corporation or entity in the State of Washington. Defendants had corporate authority to take all actions alleged herein and did take such actions by way of their

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 1 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

ORIGINAL

agents and/or employees. Defendants are responsible for all acts of their employees as agents, representatives and by way of Respondeat Superior.

1.3  Plaintiff pleads hypothetically against Defendants that in the event, and only in the event, that any Defendant attempts to avoid joint and several liability for the claims and causes of action set forth herein, the Plaintiff makes the same claims or causes of action against said new Defendant(s), and all rights to maintain joint and several liability are hereby asserted.

## II. JURISDICTION AND VENUE

2.1  The above-referenced Court has subject matter and personal jurisdiction of the actions alleged herein and the parties hereto under 42 USC 2000(e)(5)(f), 28USC 1331,1337 and 1343 and 42 USC 1981. This Court has pendent jurisdiction over all state court causes of action set out herein under 28 USC 1367.

2.2  The above-referenced Court is the proper venue for this action.

2.3  The Plaintiff has complied with necessary administrative claim filings in the State of Washington and with the EEOC. The Plaintiff has received a Right to Sue letter dated 11/3/08 that was received after that date (copy attached).

2.4  This claim includes causes of action alleging damages in excess of $75,000.00.

2.5  <u>Jury Demand</u>. The Plaintiff demands a 12-person jury.

2.6  NOTICE is hereby given that the civil rules require the preservation of all documents and evidence that are relevant, or that might be relevant evidence, related to the

| COMPLAINT FOR DAMAGES FOR EMPLOYMENT CIVIL RIGHTS VIOLATIONS AND HARASSMENT WITH JURY DEMAND - 2 of 11 | Peter Moote Law Firm<br>Attorneys at Law<br>Post Office Box 625<br>Freeland, Washington 98249<br>Freeland Office: (360) 331-4961<br>Seattle Office: (206) 447-1615 |
|---|---|

issues in this case including all electronically stored information or digital information.

## III. FACTUAL ALLEGATIONS

3.1 Plaintiff was employed as a production worker for Defendants on or about July, 2004. Plaintiff was an employee in good standing with Defendants. Plaintiff is of African-American descent and is a member of a protected class. Defendants are a Washington State corporation primarily in the business of window manufacturing. Defendants had more than 15 employees working on a full-time regular basis during the relevant times alleged in this Complaint. They were incorporated in the State of Washington and have a continuing corporate license through the State of Washington.

3.2 Milgard Manufacturing is primarily owned and operated by defendants. The acts alleged in this Complaint and the failures to act alleged, were committed by the Defendants knowingly or negligently.

3.3 During most of Plaintiff's employment, the actions of his supervisors, foremen and co-employees told him that he was unwelcomed and alienated from the others because of his race.

3.4 From early on in his employment with Defendants, co-employees would make derogatory racial comments to the Plaintiff or completely ignore him when working with him. The supervisor would not give any assistance to the Plaintiff when needed, though he would give assistance to other non-African American workers. The supervisor would reprimand the Plaintiff for conduct other non-African American workers were not reprimanded for. The co-workers would belittle Plaintiff because of his race by referring to Blacks as being inferior. The supervisors and managers of Plaintiff were aware of these racially-derogatory

**COMPLAINT FOR DAMAGES FOR EMPLOYMENT CIVIL RIGHTS VIOLATIONS AND HARASSMENT WITH JURY DEMAND - 3 of 11**

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

actions and statements and did not take action to prevent the conduct from occurring. Plaintiff complained about the conduct to no avail.

3.5 On or about May 3, 2007, Plaintiff was working with one of the co-workers known to supervisors, managers and co-employees as having racial biases against Plaintiff. After Plaintiff complained again to his manager about the discriminatory conduct of the co-workers, a large and strong co-worker came up to Plaintiff and assaulted him causing serious injuries that required hospital attention. All Plaintiff did was to try to defend himself against a further beating. Plaintiff then filed a labor and industry claim for the injuries that occurred on the job from the assault.

3.6 The Defendants promptly suspended the Plaintiff the next day after he filed his industrial insurance claim and then terminated his employment when he was an innocent victim of a racially-motivated assault. As a pretext for firing, Defendants falsely accused Plaintiff of violating a work rule. In fact, in his unemployment proceeding the adjudicator found that Plaintiff had not violated any work rule or committed any misconduct.

3.7 On a number of prior occasions Plaintiff complained to his supervisor and other managers about the continuing discriminatory attitude and racially derogatory comments being made to him by members of the department he worked in, to no avail. The managers told the Plaintiff that they would speak directly with the offenders about these ongoing problems. But, the discriminatory conduct continued with no help from management.

3.8 The discriminatory conduct interfered with Plaintiff's ability to perform his job duties and made him fear he was in jeopardy for discipline as a consequence. It became

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 4 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

emotionally distressful for the Plaintiff to go to work knowing each day the discriminatory conduct would continue and impact his ability to perform his job.

3.9 The conduct of these Defendants caused Plaintiff to suffer racial harassment, humiliation, anxiety, and caused him to be subjected to intimidation, a physical assault and a hostile and offensive work environment and on the basis of race. These actions constituted an interference in his past and future employment opportunities.

## IV. CAUSES OF ACTION

4.1 <u>Wrongful Employment Discharge.</u> The Plaintiff gave Defendants no justifiable reason to terminate his employment. Plaintiff would have continued his employment with the Defendants, but for his wrongful discharge. Plaintiff was terminated from his employment with Defendants based on his complaints of discrimination and his industrial disability. <u>EEOC v. Sam Produce Company</u>, U.S. Dist. LEXIS 19089. Plaintiff has not been able to obtain comparable employment as a result of the wrongful discriminatory and retaliatory firing. Plaintiff is entitled to recover back pay, future pay and general and special damages in amounts to be proven at trial.

4.2 <u>42 Section 1981 Racial Discrimination.</u> Plaintiff is an African American protected minority under 42 USC 1981. Plaintiff was discriminated against based on his "ancestry or ethnic characteristics." 42 USC 1981 is applicable to the Defendants named in this case. <u>Johnson v. Railway Express Agency</u>, 421 U.S. 454 (1975) and Title VII of the Civil Rights Act, 42 U.S.C. 2000e. These Civil Rights provisions protect minorities from racially discriminatory activities and guarantee the same right to hold and enjoy employment and to be secure in their persons and properties, as is enjoyed by all citizens. At-will employees are also

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 5 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

protected by Civil Rights Section 1987. <u>Lauture v. IBM</u>, 99-7732 (2nd Cir. 2000). Plaintiff was also treated differently and disfavorably because of his race while working for the Defendants resulting in disparate treatment of the Plaintiff due to his race. Additionally, the practices and procedures of the Defendants in the workplace were discriminatory toward African American workers resulting in a negative disparate impact on the Plaintiff. As a direct and proximate result of the racially discriminatory acts, practices and hostile working environment, Plaintiff has suffered general and special damages in amounts to be proven at the time of trial.

        4.3 <u>Title VII</u>. The actions of the Defendants described herein also violated Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq.

        4.4 <u>Washington Law Against Racial Discrimination</u>. The State of Washington prohibits racial discrimination in employment. RCW 49.60.030(1)(a)(2). The Defendants employed more than eight employees on a full-time basis at all relevant times to this action. The restrictions under this statutory provision were knowingly and negligently violated by the Defendants. The Washington Law Against Discrimination guarantees the Plaintiff the right to be free from racial discrimination and declares the right to obtain and hold employment without racial discrimination to be a basic civil right. The Defendants have breached this civil right causing general and special damages to Plaintiff to be proven in amounts at the time of trial.

        4.5 <u>Hostile Working Environment</u>. The Plaintiff was compelled on a continuous basis to work in a racially hostile and threatening working environment under conditions that were unacceptable and intolerable that no reasonable person should be expected

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 6 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

or compelled to work under. This conduct constituted racial harassment and discrimination actionable under law cited herein.

        4.6 <u>Racial and Ethnic Harassment</u>. The work environment Plaintiff was compelled to endure was so heavily polluted with racial discrimination as to impair the emotional and psychological stability of the Plaintiff. The discrimination included, but was not limited to, racially derogatory comments, racially inappropriate comments, racial threats and physical assault. <u>Vaughn v. Pool Offshore Company</u>, 683 F.2d 922 and <u>Rogers v. EEOC</u>, 454 F.2d 234, 406 U.S. 957.

        4.7 <u>Disability and Labor and Industries Discrimination.</u> The Defendants wrongfully discriminated against the Plaintiff on the basis of his industrial disability and for filing a labor and industries claim in violation of RCW 49.60.030 and .180, et seq. and RCW 51.48.025 et. seq. The Defendant failed to reasonably accommodate the Plaintiff by not allowing him to recover with treatment before firing him. The Defendant could have reasonably accommodated the Plaintiff but failed to make any reasonable attempt.

        4.8 <u>Retaliation</u>. Plaintiff incorporates the allegations set forth above. Plaintiff was subjected to retaliation or reprisals for complaining to his supervisors and management about the racial discrimination and for filing an industrial Insurance claim. Retaliation is in violation of 42 USC 1981, Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. Section 2000e and RCW 49.60.210, <u>et seq</u>. and 51.48.025, <u>Pastran v. K-Mart</u>, 99-2210 (10th Cir. 2000). Defendants are also liable for all acts of retaliation by non-supervisory co-workers. <u>Fielder v. UAL Corp.</u>, 98-35511 (9th Cir. 2000).

**COMPLAINT FOR DAMAGES FOR EMPLOYMENT CIVIL RIGHTS VIOLATIONS AND HARASSMENT WITH JURY DEMAND - 7 of 11**

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

4.9  Public Policy and Common Law.  The actions of the Defendants violated public policy and common law protections against discrimination, retaliation or other hostile conduct in the State of Washington.  The actions taken against Plaintiff amount to violation of employment and personal civil rights and were in violation of Thompson v. St. Regis Paper Co., 102 Wn.2d 219 (1984) and Dicomes v. Washington, 113 Wn.2d 612 (1989), Moorpark v. Superior Court for Ventura County, 18 Cal 4th 1143, 959 P.2d 752 (1998).

4.10 Infliction of Emotional Distress.  As a direct and proximate result of the actions alleged herein by these Defendants, Plaintiff has suffered intentional and/or negligent infliction of emotional distress.  Defendants knew or should have known the actions being taken would cause emotional distress.  Any reasonable person would know the actions and conduct alleged herein would cause emotional distress to another.  The Defendants had a duty to refrain from such actions or to stop such actions when they became aware of such actions and failed to do so.

4.11 Negligent Supervision and Training.  The actions of the Defendants were negligent in training, managing and supervising their employees.  The Defendants were aware of or should have been aware of the discriminatory and hostile actions of their employees.  Had Defendants as owners and supervisors taken effective corrective action in a timely and reasonable fashion, Plaintiff would never have been subjected to the wrongful conduct and assault alleged herein.  As a direct and proximate result of such negligent supervision and management, Plaintiff has suffered general and special damages.

4.12 Punitive Damages.  The actions of these Defendants were so reckless and indifferent to the rights of the Plaintiff as to constitute justification for award of punitive

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 8 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office:  (360) 331-4961
Seattle Office:  (206) 447-1615

damages allowed under the legal authority set forth herein and Kolstad v. American Dental Association, 527 U.S. 526 (1999) and Bruso v. United Airlines, Inc., 00-1699 (7th Cir., 2001). Further authority is found in the Civil Rights Act of 1991.

## V. RESPONDEAT SUPERIOR

5.1     Defendants are liable for all actions of its employees, managers and supervisors under the Doctrine of Respondeat Superior. The conduct of these employees, managers, and agents was implicitly ratified by the employer and involved racial and disability discrimination and harassment. Lehmann v. Toys R Us, 133 NJ 587, 626 A2d 445 (1993). Plaintiff need not prove specific intent to establish discrimination. Reeves v. Sanderson Plumbing, 99-536 (US 2000).

## VI. NOTICE OF DOCUMENT RETENTION REQUIREMENT

6.1   Please be advised that through the Washington State Superior Court Civil Rules process and the Federal Court Civil Rules process for discovery, we intend to seek copies of all of your records, notes, e-mails, electronic communications, electronically stored information, digital communications, documents, letters, and writings of all kinds and nature concerning the claims set out in this Complaint. This not only includes paper writings and records but also includes electronic, digital, taped and computerized writings, stored information, back up tapes or files and documents. They include computer files, e-mails and faxes. We consider all this information to be important and relevant or likely to lead to relevant evidence that must now be preserved pursuant to the Court rules. Whether or not you consider such items privileged or confidential, they still must be preserved for the Court to determine the appropriateness of discovery.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 9 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

Therefore, we ask that you take immediate steps to preserve and retain such information.

   6.2 To comply with the discovery requirements, you should not destroy, erase, misplace or over-write any writings or documents within the scope of this notice, regardless of the physical form or type of documents. We ask that if you have a retention or a document destruction policy, that you review it and make sure such requested documents are not destroyed simply because you implemented a policy. Your policy may have to be overridden in order to comply with these discovery requirements.

## VII. **PRAYER FOR RELIEF**

   1. <u>Special Damages</u>. Past and future wage loss; past and future loss of earning capacity; past and future loss of benefits of employment; medical treatment and other compensatory and wage damages as proven at the time of trial.

   2. <u>General Damages</u>. Emotional distress, loss of enjoyment of life, pain and suffering, humiliation and other general damages proven at trial.

   3. <u>Punitive Damages</u>. Punitive damages should be assessed against the Defendants in amounts determined appropriate at trial.

   4. <u>Attorney's Fees and Costs and Other</u>. All reasonable attorney's fees, including contingent attorney's fees, and all costs of Plaintiff and interest and payment for adverse tax consequences should be awarded as an additional Judgment against Defendants.

   5. <u>Other Relief</u>. The Court should award such other and further relief as deemed appropriate, equitable or just.

///

**COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 10 of 11**

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

DATED this 29th day of January, 2009.

*[signature]*

Peter Moote
WSBA NO. 6098
Peter Moote Law Firm
P.O. Box 625
Freeland, WA 98249
Telephone: (360) 331-4961
Fax: (360) 331-7755
E-mail: moote@petermoote.com
ntreggett@petermoote.com
rborn@whidbey.com

COMPLAINT FOR DAMAGES FOR EMPLOYMENT
CIVIL RIGHTS VIOLATIONS AND HARASSMENT
WITH JURY DEMAND - 11 of 11

Peter Moote Law Firm
Attorneys at Law
Post Office Box 625
Freeland, Washington 98249
Freeland Office: (360) 331-4961
Seattle Office: (206) 447-1615

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Joe Eddie<br>28708 34th Ave S.<br>F101<br>Auburn, WA 98001 | From: | Seattle Field Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2007-01918 | Stephen J. Hunt,<br>Deferral Coordinator | (206) 220-6855 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_A. Luis Lucero, Jr.,_
Director

3 November 2008
(Date Mailed)

Enclosures(s)

cc: **MILGARD WINDOWS**
1010 54th Ave E.
Tacoma, WA 98411