UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOE EDDIE,

    Plaintiff,

    v.

MILGARD MANUFACTURING INCORPORATED,

    Defendant.

Case No. C09-5052FDB

ORDER GRANTING DEFENDANT MILGARD'S MOTION TO COMPEL ARBITRATION AND STAYING PROCEEDINGS

## INTRODUCTION

Plaintiff Joe Eddie is a former employee of Defendant Milgard Manufacturing Inc. Defendant Milgard Manufacturing, Inc. (Milgard) moves to compel arbitration pursuant to an arbitration agreement entitled "Dispute Resolution Policy," between Milgard and Plaintiff. Further, Milgard requests that the Court stay proceedings in this case to permit the parties to participate in binding arbitration. During an earlier ninety-day stay, the parties participated in mediation, which did not result in resolution of the case.

## PARTIES' ARGUMENTS AND CONTENTIONS

Milgard argues that the Federal Arbitration Act was enacted by Congress "to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon

ORDER - 1

the same footing as other contracts." Milgard argues that the parties' agreement satisfies the requirement that there is an agreement and that it involves interstate commerce. *Walters v. A.A.A. Waterproofing, Inc.*, 120 Wn. App 354, 358, 85 P.3d 389, 392 (2004). Milgard submits that Plaintiff and Milgard are bound by a valid arbitration agreement signed on July 7, 2004, when Plaintiff became employed with Milgard. (Motley Decl. at Ex. A, p. 10.) Milgard further submits that the Plaintiff's allegations, asserted in his Complaint (discrimination based on race and disability, negligent supervision, retaliation, etc.) arise out of Plaintiff's employment and termination of his employment. Plaintiff notes that many federal courts have ruled in favor of arbitration agreements such as that between the parties (attached to Motley Decl. at Ex. A. P.2) that incorporate the American Arbitration Association's Rules. *See, E.G., Cole v. Burns Intern. Sec. Services,* 105 F.3d 1465, 1482 (D.C. Cir. 1997). Finally, Plaintiff cites Washington's Arbitration Act, which provides that arbitration agreements between employers and employees are "valid, enforceable, and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement." RCW 7.04.010(2), and argues that Washington law also requires the enforcement of arbitration agreements in employment contracts. *Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 28 P.3d 823 (2001), *review denied*, 145 Wn.2d 1027 (2002)(enforcing agreement to arbitrate statutory sex discrimination claims).

Plaintiff opposes the motion arguing that there was no contractual agreement to arbitrate disputes and that Plaintiff merely acknowledged that Milgard had a policy of transferring disputes to binding arbitration. Plaintiff contends that by acknowledging receipt of the document setting forth the policy, he did not express an agreement to be bound.

**DISCUSSION AND CONCLUSION**

The Court concludes that Plaintiff's opposition lacks merit and that the "Dispute Resolution Policy," (Motley Decl. Ex. A) signed by Plaintiff and Milgard on July 7, 2004 is an enforceable contract for the following reasons.

ORDER - 2

The essential elements of a contract are as follows: "the subject matter of the contract, the parties, the promise, the terms and conditions, and (in some but not all jurisdictions) the price or consideration." *DePhillips v. Zolt Const. Co., Inc.*, 136 Wash.2d 26, 31, 959 P.2d 1104, 1107 (1998).

First, the Dispute Resolution Policy sets forth its subject matter in the first two paragraphs wherein Milgard first recognizes that disputes may arise between it and current or former employees, which disputes Milgard strives to informally resolve, but failing that, cites a two-step dispute resolution mechanism of mediation and arbitration that it believes to be a better and more efficient method to resolve disputes that cannot be resolved informally. The second paragraph states:

> Under this Policy, which is a **condition of continued employment** and **binding upon Milgard (and all MASCO subsidiaries) and the employee**, all claims and disputes between Milgard and the employee within the United States arising out of the employee's employment or termination, which are not resolved through the company's Open Door Policy and other normal human resource channels, **shall** be resolved through mediation and, if necessary, binding arbitration. The mediation and arbitration will be conducted by a neutral third party, the American Arbitration Association.

(Motley Decl. Ex. A, p. 1, emphasis added.) After stating that the Policy is a procedure for resolving disputes between Milgard and its employees, the next two paragraphs describe the Policy's coverage: "Claims Covered by this Policy" and "Claims Not Covered by this Policy." Thus, the subject matter of the Policy is clear: a procedure for the resolution of disputes between Milgard and its employees, and Plaintiff's claims (wrongful discharge, disparate treatment based on race, disability discrimination, and retaliation) fall within the scope of the Policy.

Second, identification of the parties to be bound is essential to the contract. This element is satisfied by the Policy because the first line quoted above identifies that the policy is "binding upon Milgard (and all MASCO subsidiaries) and the employee," the latter undoubtedly being Plaintiff, as he admits that the document bears his signature.

Third, the promise, terms, and conditions to the agreement must be stated, and there are such

ORDER - 3

provisions in the Policy.  Under the Policy, Milgard and the employee – Plaintiff – agree to resolve any disputes (not otherwise resolved by Milgard's "Open Door Policy" and other human resource channels) through mediation and, if necessary, by binding arbitration.  (Motley Decl. Ex. A, p. 1) Milgard and Plaintiff have already participated in mediation.  The Policy provides that the parties shall follow the American Arbitration Association's Employment Dispute Resolution Rules (as amended and effective January 1, 2002), and that Milgard is required to pay all of the fees and expenses for the mediator and arbitrator. (Motley Decl. Ex. A, p. 2) The Policy goes on to provide, for example, for the right to representation, time limits, administrative conferences, discovery, a record at hearing, and location of arbitration hearing.  ( *Id.* pp. 2 – 4) Thus, the promise, terms and conditions to the agreement – the Policy – are stated.

Fourth, is the matter of consideration.  "Consideration is a bargained-for exchange of promises."  *Labriola v. Pollard Group, Inc.*, 152 Wash.2d 828, 836, 100 P.3d 791, 795 (2004)(Holding that acceptance of employment is adequate consideration for non-compete agreement executed at the time of hire.)  Here, Plaintiff signed the Dispute Resolution Policy when he commenced employment with Milgard in July 2004. (See Plaintiff's Response, p. 2.)  The Policy expressly states in Paragraph 2, on page 1 that the Policy "is a condition of continued employment." There was an exchange of promises in Milgard agreeing to hire Plaintiff under the terms of the Policy and Plaintiff's accepting the terms as indicated by his signature whereupon he became an employee of Milgard.  There is adequate consideration in this case to support the parties' obligations under the Dispute Resolution Policy in this case.

Milgard has demonstrated that it entered into an enforceable arbitration agreement with Plaintiff.  The Court must, therefore grant Milgard's motion to compel arbitration.  It will be further ordered, that a stay of proceedings be granted during which arbitration may be completed.

NOW, THEREFORE,

IT IS ORDERED:

ORDER - 4

1. Defendant Milgard Manufacturing Incorporated's Motion To Compel Arbitration and To Further Stay Proceedings [Dkt. # 10] is GRANTED;

2. This matter is STAYED pending the parties' participation in binding arbitration;

3. The parties shall file a joint status report with the Court no later than January 4, 2010 informing the Court as to the status of the arbitration.

DATED this 8th day of July, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5